1

2

3

4

5

6

7

8             **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    TERRY SHELMIRE,                          No. CIV S-07-1758-LEW-CMK-P

12               Petitioner,

13        vs.                                  ORDER

14    D.K. SISTO, et al.,

15               Respondents.

16    _____/

17            Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the denial of parole.

19            On January 2, 2008, the Ninth Circuit Court of Appeals decided Hayward v.

20    Marshall, 512 F.3d 536 (9th Cir. Jan 2, 2008).  In Hayward, the petitioner had been twice granted

21    a parole date by the California Board of Prison Terms ("Board").   See id. at 538.  The governor,

22    however, reversed the decision both times, concluding that the petitioner was not suitable for

23    parole.  See id.  In his federal habeas corpus petition challenging the most recent denial of parole,

24    the petitioner argued that the denial had violated his due process rights.  See id. at 541-42.  The

25    district court denied the petition.  See id. at 541.

26    / / /

1

1    The Ninth Circuit began its analysis by restating its holding from Sass v.

2  California Board of Prison Terms, that California state prisoners have a constitutionally protected

3  liberty interest in parole.  See id. at 542 (citing 461 F.3d 1123, 1127-28 (9th Cir. 2006)).

4  Specifically, under California Penal Code § 3041(b) and California Code of Regulations, Title

5  15, § 2402(a), once the inmate has served the minimum term required, the Board shall set a

6  release date unless release currently poses an unreasonable risk of danger to society.

7  See Hayward, 512 F.3d at 542, 543.  The court next observed that, under California law, in

8  deciding whether to reverse the Board's grant of parole, the governor must consider the same

9  factors the Board is required to consider in the first instance.  See id. (citing In re Rosenkrantz,

10  29 Cal.4th 616 (2002)).

11    In determining whether the state has provided the necessary due process

12  safeguards with respect to parole decisions, the relevant consideration is whether the decision to

13  deny parole is supported by "some evidence" in the record, or is otherwise arbitrary.

14  See Hayward, 512 F.3d at 542 (citing Irons v. Carey, 505 F.3d 846, 851 (9th Cir. 2007), and

15  Superintendent v. Hill, 472 U.S. 445, 457 (1985)).  The Ninth Circuit held that application of this

16  test in the context of California's parole scheme requires that there be some evidence in the

17  record supporting the conclusion that the prisoner's current release would pose an unreasonable

18  risk of danger to society.  See Hayward, 512 F.3d at 543.  The court noted that, even though there

19  may be some evidence that a particular unsuitability factor exists, this does not necessarily mean

20  that there is some evidence of the inmate's current danger to the community if released.  See id.

21  Applying this standard to the facts of Hayward's case, the Ninth Circuit concluded that "no

22  evidence in the record supports a determination that Hayward's release would unreasonably

23  endanger public safety."  See id. at 544.

24    In particular, the court discussed the reliance on unchanging factors, such as the

25  facts of the petitioner's commitment offense, in denying parole.  See id. at 545 (citing Biggs v.

26  Terhune, 334 F.3d 910, 916 (9th Cir. 2003), and Irons, 505 F.3d at 854).  The court stated: "It

can hardly be doubted that time may attenuate the taint of certain prior misconduct, and this is particularly true as applied to consideration of Hayward's misconduct. . . ," especially in light of evidence of Hayward's rehabilitation while in prison and plans upon release.  Id. at 545.  The court reversed the district court's denial of habeas relief and concluded that the state had violated Hayward's due process rights in denying parole.  See id. at 548.

The parties are hereby requested to address the applicability of Hayward to the instant petition.  Within thirty days of the date of this order, each party may file a brief discussing the effect, if any, Hayward should have on the disposition of petitioner's case.

IT IS SO ORDERED.


DATED: February 21, 2008

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE